IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00315-BNB

FLOYDE W. PINEDA,

    Plaintiff,

v.

CHUCK FERNELL, District Manager of Northern Colo., Blockbuster Representitive [sic],
    and
JIM KEYES, C.E.O. of Blockbuster and Movielink.com Inc.,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Floyde W. Pineda, filed **pro se** a complaint for money damages. He was granted leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 (2006). On February 22, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Pineda to file within thirty days an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 27, 2008, Mr. Pineda submitted an amended complaint for money damages.

The Court must construe the amended complaint liberally because Mr. Pineda is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 7 2008

GREGORY C. LANGHAM
             CLERK

Mr. Pineda's amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Pineda "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Pineda's amended complaint still fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P.

8(a)(1). The amended complaint also fails to provide a short and plain statement of the claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Simply, Mr. Pineda's amended complaint is unintelligible. For example, as his second claim, he alleges in part, replete with grammatical and typographical errors not indicated by [sic], as follows:

> Agreementwith Ben happend on 7-11-07 times of 940 to 945 a.m. Plaintiff is intitled to relief for Defendant Chuck Fernell as set by Court Rules intentinaly didnt aknowlage the offer the subject matter of the rules. That the subject person Ben dident have suficiant authority. And under agreement for discloser of idea. Put what was revield to a claim number 316711. That recognition and compinsation would be addressed in about two weeks. By a representitive of Blockbuster to comferm said agreement. Chuck Ferrnell acting as district manager of northern Colorado. Did as a matter of fact called plaintiff aprox. 444 p.m. on 7-23-07. With no mention of recognition or compinsation. Plaintiff mentiond it twice with no aknoligment by Defendant Chuck Ferrnell. As to recogniation and compinsation. Chuck Ferrnell was acting authority. By chain of command.

Amended complaint at 4.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that the amended complaint must be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00315-BNB

Floyde W. Pineda
2347 South York #5
Denver, CO 80210

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/7/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk